IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 14, 2011

## PLEAS JOSEPH REED v. CORI LAVONNE REED

**Appeal from the Chancery Court for Dickson County**
**No. 1152908     Robert E. Burch, Judge**

**No. M2009-00810-COA-R3-CV - Filed January 13, 2012**

Pro se Husband filed a complaint for divorce alleging irreconcilable differences. The trial court dismissed Husband's complaint because it did not conform to the Tennessee statutory requirements. Husband appealed the dismissal of his complaint, and we affirm the trial court's judgment. Husband and Wife must comply with the requirements of Tenn. Code Ann. § 36-4-103 to be entitled to a divorce based on irreconcilable differences.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Pleas Joseph Reed, Cumberland Furnace, Tennessee, Pro Se.

Appellee did not file a brief.

### OPINION

Pleas Joseph Reed ("Husband") filed a Complaint for Absolute Divorce from Cori Lavonne Reed ("Wife") on July 31, 2008. Husband cited irreconcilable differences as grounds for the divorce. Husband filed a Child Custody and Marital Dissolution Agreement ("MDA") together with his complaint. The MDA included a notary public's signature and stamp along with the statement that Husband "acknowledged that he executed the within instrument for the purposes therein contained." However, Husband did not affix his signature to the MDA itself.

Wife filed an executed and notarized Waiver of Service of Process on August 19, 2008, in which she indicated she had received a true and accurate copy of the complaint, she agreed to have the case heard in Dickson County, and that she waived service of process

through the sheriff's office. Wife also filed an Affidavit in which she announced her decision not to be represented by counsel in the divorce action and stated she has "signed [her] name voluntarily to assent to all the provisions of said Marital Dissolution Agreement." Wife executed this Affidavit and had it notarized. However, the record does not indicate Wife filed an MDA with the court that contained her signature.

The trial court entered an Order Denying Divorce on March 19, 2009. The court wrote the following in its order:

> In this action came the Plaintiff and submitted his proposed Decree of Divorce based upon the ground of Irreconcilable Differences. The Complaint in this action does not conform to the requirements of the law of the State of Tennessee. Accordingly,
> **IT IS ORDERED, ADJUDGED AND DECREED BY THE COURT** that this action be, and hereby is, dismissed at Plaintiff's cost.

Husband filed a Petition for More Definite Statement after being served with this Order in which he asked the court to explain how his complaint fails to conform to the requirements of Tennessee law. Husband was a pro se litigant and explained in his motion that he did not understand what he had done wrong in filing his complaint for divorce. The trial court denied Husband's petition.

Husband duly filed his Notice of Appeal with this court. On appeal, Husband argues the trial court erred in dismissing his Complaint for Absolute Divorce and erred in denying his Petition for More Definite Statement. The trial court dismissed Husband's complaint as a matter of law. We review questions of law *de novo*, with no presumption of correctness given to the trial court's determination. *Whaley v. Perkins*, 197 S.W.3d 665, 670 (Tenn. 2006).

The procedure for obtaining a divorce on the basis of irreconcilable differences is set forth in Tenn. Code Ann. § 36-4-103 (2010), which is entitled "Irreconcilable Differences – Procedure." The portion of the statute applicable to the facts of this case provides:

> (2) In lieu of service of process, **the defendant may enter into a written notarized marital dissolution agreement** with plaintiff that makes specific reference to a pending divorce by a court and docket number, or states that the defendant is aware that one will be filed in this state and that the defendant waives further service and waives filing an answer to the complaint. Such waiver of service shall be valid for a period of one hundred eighty (180) days from the date the last party signs the agreement. The agreement may include

the obligation and payment of alimony, in solido or in futuro, to either of the parties, any other provision of the law notwithstanding. **The signing of such an agreement shall be in lieu of service of process for the period such waiver is valid and shall constitute a general appearance before the court and answer that shall give the court personal jurisdiction over the defendant, and constitute a default judgment for the purpose of granting a divorce on the grounds of irreconcilable differences.** (Emphasis added.)

As the statute makes clear, both Wife and Husband are required to sign the MDA and file the signed and notarized MDA with the court before the court can grant a divorce based on irreconcilable differences. Further, the MDA should have specified that Wife waived further service of process and waived filing an answer to Husband's complaint. Because Husband and Wife failed to follow the mandatory procedure as set forth above, we hold the trial court did not err in dismissing Husband's complaint.

We now turn to Husband's argument that the trial court erred in denying his Petition for More Definite Statement. Tennessee Rule of Procedure 12.05 is titled "Motion for More Definite Statement" and provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 15 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or may make such order as it deems just.

A motion for a more definite statement is appropriately directed to a plaintiff and addresses a vague complaint. *Abshure v. Methodist Healthcare-Memphis Hospitals*, 325 S.W.3d 98, 105 (Tenn. 2010) (defendant should have filed a Rule 12.05 motion for a more definite statement if it was concerned about the vagueness of some part of the complaint). The rule does not provide a vehicle for a litigant to request an explanatory order from the court. We therefore hold the trial court did not err in denying Husband the relief he sought in his petition.

Costs of this appeal shall be taxed to Pleas Joseph Reed.

_____
PATRICIA J. COTTRELL, JUDGE